In the Matter of the Estate of ANGIE M. BOOTH, Deceased.

Surrogate's Court, New York County, December, 1922.

*Wills — allowance to legatee pending probate — executors and administrators.*

APPLICATION to vacate allowance to A. A. Lawrence.

*Frederick J. Moses (Max D. Steuer,* of counsel), for proponent.

*Thomas M. Healy,* for J. B. Merrill.

*Erwin F. Gross,* for Angie A. Fisher.

*Dixon & Holmes (Jabish Holmes,* of counsel), for Veola Wakefield.

*Herbert McKennis,* for Frank S. Rowan.

*Walter R. Herrick,* for Mary Munson.

*O'Brien, Malevinsky & Driscoll,* for contestant.

*George H. Taylor, Jr.,* for Joseph McCloskey, temporary administrator.

*George J. Gillespie,* temporary administrator, in person.

*O'Brien, Boardman, Parker & Fox (Morgan J. O'Brien,* of counsel), for Adelaide A. Lawrence and Grace Lawrence Hill.

*Laughlin, Gerard, Bowers & Halpin (James W. Gerard,* of counsel), for Katherine Allison and others.

*John J. Cunneen,* for William Stanley Hill.

*William D. Cunningham,* for John W. Allison and A. Edward Allison.

*Hawkins, Delafield & Longfellow,* for the Trustees of Sailors' Snug Harbor.

FOLEY, S.  The order of allowance heretofore made herein for Mrs. Lawrence will be modified so as to provide as follows:

(1) The property at Great Neck shall be vacated by the respondent on December 31, 1922, and the temporary administrators will assume responsibility from that date for its upkeep and maintenance, until, in the usual course, they either succeed in leasing the same, or otherwise arrange for its occupancy to the best advantage of this estate.  The expenditure for such purpose shall be reduced as much as possible consistent with the care and preservation of the property, and with the interests of the various persons in this estate.

(2) The provision in the existing order for the occupancy of the Riverside Drive house by the respondent will be continued.  A bond should be given for the reasonable value of the use and occupation.  Unless the value can be fixed by stipulation of all the parties interested, affidavits may be submitted.  The bond to be given shall cover the three-month period from January 1, 1923, to April 1, 1923.

(3) The original pecuniary allowance made to the respondent was $15,000 per month, or $180,000 per year.  This amount was fixed upon her petition, without notice to the various persons interested, and upon the consent only of the temporary administrators and their attorneys.  It has been the custom and practice of this court that all parties who have appeared should be given notice of such an application.  This practice was not complied with.  Section 221 of the Surrogate's Court Act permits an allowance to be made in the discretion of the surrogate, under certain circumstances, for the support or education of a legatee or distributee. The provisions of that section only allow an advance payment

56

where the person is " *in actual need* " of money for his support or education, and the surrogate is authorized, in his discretion, to direct payment only where the expenditure " is necessary for the support or education of the petitioner." It has been my experience that the granting of an allowance to a legatee or next of kin, pending the probate contest, results inevitably in delay in the final disposition of the contested proceeding, with consequent burdensome expense to the estate. While the interest of the respondent in the estate, either under the paper propounded, or the prior will, or in case of intestacy, is large, the spirit of the statutory provisions requires that the allowance should be made in an amount reasonably sufficient to cover only the actual needs of the applicant. Out of the $15,000 per month formerly allowed, the respondent paid to her son-in-law, William Stanley Hill, the sum of $1,500 a month for his services as " private secretary." He appears to have been the principal agent in fostering this contest, and his testimony before me was evasive and untruthful. Aside from the payment of the household expenses and the upkeep of the Great Neck property, the respondent received for her own needs from Hill $500 only from her monthly allowance. The various parties interested have all agreed that a reasonable sum should be given to her to sustain her in the declining years of her life. I will reduce the pecuniary allowance to $2,000 per month, which will be sufficient to support the Riverside Drive residence and provide for her reasonable living expenses. The usual bond will be required to indemnify the estate. The order should contain a provision that no payments of any kind be made therefrom to William Stanley Hill, and should provide for the filing of a verified statement by the respondent, before the fifteenth day of each month, showing in detail the purposes for which the previous monthly allowance has been expended.

The order will also be modified so as to require the temporary administrators to take over and assume responsibility on January first next of the automobiles belonging to the estate.

Permission is given to the temporary administrators for leave to apply to this court for authority to pay, on behalf of the respondent, and chargeable to her account, the actual cost of the maintenance of the Great Neck property since the issuance of the stay.

Submit order on notice, modifying order for allowance and vacating stay accordingly.

Decreed accordingly.