In the Matter of the Petition of KATHRYN O'DOWD JEWETT for a Partial Distribution to Her of Her Residuary Legacy under the Will of MARY O'DOWD, Deceased, Pursuant to Section 217 of the Surrogate's Court Act.

JOHN W. SULING, as Executor, etc., of MARY O'DOWD, Deceased, Appellant; KATHRYN O'DOWD JEWETT, Respondent.

First Department, October 30, 1936.

*Bern Budd* of counsel [*Budd & Coffey*, attorneys], for the appellant.

*Clarence R. Freeman*, for the respondent.

*Edward W. Stitt, Jr.*, of counsel [*Kenneth G. Rankin* with him on the brief; *Walton, Bannister & Stitt*, attorneys], for Mary O'Dowd McMahon, a residuary legatee.

PER CURIAM. The application was for " a partial distribution of the stock of Martin O'Dowd Co., Inc., in kind," now in possession of the executor. The application appears to have been made under section 217 of the Surrogate's Court Act, but the order was apparently based on the provisions of section 221 of said act, upon which it is now sought to be sustained.

In view of the small amount of cash in the hands of the executor, considered in connection with the unpaid expenses already incurred in the contested accounting proceeding, in which proceeding there is pending, undetermined, a motion by the non-objecting legatees, that the entire cost of the proceedings be assessed against the petitioner, we are of the opinion that the evidence adduced did not warrant the cash distribution directed. Since notice of the application to other interested persons, which seems to be required by the custom and practice of the Surrogate's Court (*Matter of Booth*, 119 Misc. 880), was not given, we have seen fit to grant permission to the legatee, Mary O'Dowd McMahon, to intervene and to be heard on the appeal of the executor.

It follows, therefore, that the order should be reversed, without costs, and the motion denied, and the matter remitted to the surrogate of the county of New York for further action in accordance with this opinion.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.

Order unanimously reversed, without costs, the motion denied and the matter remitted to the Surrogate's Court for further action in accordance with opinion.